UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALCOLM SCOTT, et al.,

Plaintiffs,

v.

SALESFORCE, INC., et al.,

Defendants.

Case No.  25-cv-07232-JSC

**ORDER RE: PLAINTIFFS' LETTER FOR APPOINTMENT OF INTERIM PLAINTIFFS' LETTERSHIP**

Re: Dkt. No. 61

Plaintiffs, on behalf of themselves and putative classes, bring consolidated lawsuits against Defendant over a data breach.  Before this Court is Plaintiffs' letter requesting appointment of interim class counsel, which is unopposed.  (Dkt. Nos. 61, 66.)  Plaintiffs request interim appointment of the following counsel under Federal Rule of Civil Procedure 23(g): Adam Polk of Girard Sharp, LLP; Sabita Soneji of Tycko & Zavareei, LLP; and Jason Lichtman of Lieff Cabraser Heimann & Bernstein, LLP ("Proposed Co-Lead Counsel").  (Dkt. No. 61.)  Plaintiffs also request the Court create an executive committee to make the prosecution of the class's claims more effective and efficient.

**I.     Appointment of Co-Lead Counsel and Executive Committee**

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  When, as here, "one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2).  "Class counsel must fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(4), and in determining whether the applicant is adequate under these rules, the Court "must consider:"

(i)      the work counsel has done in identifying or investigating

United States District Court
Northern District of California

|        | potential claims in the action; |
|--------|---------------------------------|
| (ii)   | counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; |
| (iii)  | counsel's knowledge of the applicable law; and |
| (iv)   | the resources that counsel will commit to representing the class[.] |

Fed. R. Civ. P. 23(g)(1)(i)-(iv).  The Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]"  Fed. R. Civ. P. 23(g)(1)(B).

Here, the requirements of Rule 23 are met for appointment of interim counsel.  First, counsel have acted diligently in case management efforts by, for instance, promptly relating and consolidating cases, arranging service, and organizing stipulations and joint status reports.  Second, proposed co-lead counsel have demonstrated knowledge of the applicable law and experience in complex cases and class actions involving data breaches and privacy issues similar to those of this case.  Third, counsel have shown they will commit significant resources to representing the class.  For these reasons, the Court finds proposed co-lead counsel will fairly and adequately represent the interests of the class and grants Plaintiffs' request for appointment of interim counsel.

Plaintiffs also request the Court create an executive committee "chaired by Nicholas Murphy of Hausfeld LLP; with Amber L. Schubert of Schubert Jonckheer & Kolbe LLP as Liaison Counsel; and Thomas E. Loeser of Cotchett Pitre & McCarthy LLP; Robert Ahdoot of Ahdoot & Wolfson, PC; Mark DeSanto of Berger Montague PC; and Ryan McGee of Morgan & Morgan Complex Litigation Group as members."  (Dkt. No. 61 at 7.)  Plaintiffs propose the committee members and their firms "will take ownership of tasks connected to the related cases with which they are directly involved[.]" (*Id.*)  As proposed:

- Nicholas Murphy and Ryan McGee will be assigned to *TransUnion* (MDL No. 3170 (N.D. Ill.))

- Thomas E. Loeser and Robert Ahdoot will be assigned to *Farmers* (Case No. 2:25-cv-08032 (C.D. Cal.); No. 2:25-cv-08085 (C.D. Cal.))

- Amber L. Schuber, as liaison counsel, will be assigned to *Louis Vuitton* (Case No. 1:25-cv-07241 (S.D.N.Y.))

- Mark DeSanto will be assigned to *Allianz* (Case No. 0:25-cv-03251 (D. Minn.))

(*Id.* at 7-8.)

The Court grants Plaintiffs' request. "In appointing class counsel, the court … may make further orders in connection with the appointment." Fed. R. Civ. P. 23(1)(E). The Court finds the purpose, organization, and composition of this executive committee will assist with case management efforts and serve the interests of the putative classes given the nature of the case, the need to coordinate related cases across the country, and anticipated third-party discovery.

The appointment as co-lead counsel or executive committee member is a personal appointment. The appointees cannot be substituted by other attorneys, including members of the appointee's law firm, except with the Court's prior approval. The appointments may be revoked or amended at any time by court order. The Court authorizes co-lead counsel to appoint, without the Court's prior approval, members of the executive committee or other counsel to do such work as they deem necessary to the most effective and efficient management of this litigation.

## II. Timekeeping Protocol

The Court approves and adopts Plaintiffs' proposed timekeeping protocol (Dkt. No. 61-1), with one modification: the *in-camera* reports should be sent to jsccrd@cand.uscourts.gov, not to the address specified in the proposal.

This Order disposes of Docket No. 61.

**IT IS SO ORDERED.**

Dated: February 11, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3